# PEPE&HAZARD LLP
A BUSINESS LAW FIRM

30 JELLIFF LANE
SOUTHPORT, CONNECTICUT 06890-1436
203.319.4000 FACSIMILE: 203.259.0251

JOSEPH W. MARTINI
Attorney At Law
‡Also Admitted in NY & D.C.
Direct Dial: 203.319.4002
jmartini@pepehazard.com

April 28, 2005

The Honorable Janet Bond Arterton
United States District Judge
United States District Court
141 Church Street
New Haven, CT 06510

RE: <u>United States v. Samuel Colon</u>, Crim. No. 3:02CR175 (JBA)

Dear Judge Arterton:

On May 12, 2004, I was appointed by the Second Circuit to represent Mr. Colon in connection with his appeal from the sentence imposed by your Honor on July 9, 2003. My appointment was made pursuant to the Criminal Justice Act ("CJA").

While Mr. Colon's appeal was pending before the Second Circuit, the United States Supreme Court decided <u>United States v. Booker</u>, __U.S.__, 125 S.Ct. 738 (2005). Soon thereafter, the Second Circuit decided <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), which set forth the procedure for district courts to follow in situations where cases are remanded in light of the <u>Booker</u> decision. Specifically, in <u>Crosby</u>, the Second Circuit remanded to the district court so that the court could "consider, based on the circumstances at the time of the original sentence, *whether* to resentence, after considering the currently applicable statutory requirements as explicated in <u>Booker/Fanfan</u> and this opinion." <u>Id.</u> at 120. The <u>Crosby</u> court suggested that "[i]n making that threshold determination, the District Court should obtain the views of counsel, at least in writing, but "need not" require the presence of the defendant . . . ." <u>Id.</u>

Following the <u>Booker</u> decision, I filed, on Mr. Colon's behalf, a motion to remand his case to this Court for resentencing. On February 4, 2005, two days after it issued its <u>Crosby</u> decision, the Second Circuit issued an Order requiring appellants to alert the court if they wished to take advantage of the <u>Crosby</u> procedure. On February 8, 2005, I submitted a letter to the Second Circuit in response to the February 4, 2005 Order, indicating that Mr. Colon wished to take advantage of the procedure outlined in <u>Crosby</u>. On February 16, 2005, the government consented to a limited remand pursuant to <u>Crosby</u>.

JWM/32807/2/68178v1
04/28/05-SPT/

BOSTON    HARTFORD    FAIRFIELD COUNTY
www.pepehazard.com

The Honorable Janet Bond Arterton
April 28, 2005
Page 2

    Thus, on March 17, 2005, the Second Circuit issued an Order stating "in light of the Supreme Court's decision in the United States v. Booker, 125 S.Ct. 738 (2005), and this court's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), this case is remanded to the District Court for further proceedings in conformity with Crosby."

    In light of the Second Circuit's March 17, 2005 Order remanding Mr. Colon's case to this Court, I respectfully request that the Court appoint me as CJA counsel for Mr. Colon in connection with any proceedings in the district court on remand pursuant to the March 17, 2005 Order of the Second Circuit. I also write to request permission to file with the district court a brief in support of Mr. Colon's claim that he should be resentenced by this court in light of Booker/Fanfan, a procedure suggested by the Crosby court.

                                            Respectfully Submitted,

                                            Joseph W. Martini

JWM:dlo

cc:    Alex V. Hernandez, Esq.
        Assistant United States Attorney