UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | :  **Criminal No. 3:02cr175 (JBA)** |
| | : |
| **SAMUEL COLON** | : |

**RULING ON DEFENDANT'S REQUEST FOR RESENTENCING [DOC. # 49]**

This case is now before the Court on the Second Circuit's Order remanding for further proceedings in conformity with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005) [Doc. # 44], and defendant's request for resentencing [Doc. # 49]. Defendant was sentenced principally to 121 months imprisonment on July 9, 2003, after pleading guilty to conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three). See Judgment [Doc. # 36]. For the reasons that follow, defendant's request for resentencing is denied because the Court concludes it would not have imposed a different sentence if it had sentenced Colon in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005). See Crosby, 397 F.3d at 118 (holding that resentencing is not required if court concludes "the sentence would have been essentially the same as originally imposed.").

1

**I.   Crosby Standard**

Colon did not challenge the application of the Sentencing Guidelines to his case under the Sixth Amendment at his sentencing hearing, and therefore this remand is governed by Crosby. See Def. Mem. of Law [Doc. # 49] at 7. As interpreted in Crosby, the Booker decision rendered the Sentencing Guidelines advisory, to be considered by the sentencing court along with the other factors in 18 U.S.C. § 3553(a)[1] in arriving at an appropriate sentence. Crosby, 397 F.3d at 111-12. The Court of Appeals declined to define "what degree of consideration is required, or, to put it another way, what weight the sentencing judge should normally give to the applicable Guidelines range," preferring "to permit the concept of 'consideration' ... to evolve as district judges faithfully perform their statutory

---

[1]"...The court, in determining the particular sentence to be imposed, shall consider--
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
   (A) to reflect the seriousness of the offense, to promote respect for
   the law, and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational
   training, medical care, or other correctional treatment in the most
   effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
   (A) the applicable category of offense committed by the applicable
   category of defendant as set forth in the guidelines ...
(5) any pertinent policy statement--
   (A) issued by the Sentencing Commission ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense."
18 U.S.C. § 3553(a)

duties." Id. at 113.  The proper procedure, however, is for the sentencing court first to calculate the applicable Guidelines sentence, including any departures warranted by the Guidelines, and then decide, based on all the factors in § 3553(a), whether to sentence within the Guidelines range or impose a non-Guidelines sentence.  Id. at 111-13.  This standard now governs sentences imposed post-Crosby.

For those cases pending on direct appeal before Booker, the Second Circuit held that the appropriate disposition would "be a remand to the district court, not for the purpose of a required resentencing but only for the more limited purpose of permitting the sentencing judge to determine whether to resentence, now fully informed of the new sentencing regime, and if so, to resentence."  Id. at 117 (emphasis in original).  The sentencing court is to base its decision concerning whether to resentence "on the circumstances at the time of the original sentence...."  Id. at 120.

**II.  Colon's Offense and Sentence**

As revealed by the transcript of defendant's guilty plea [Doc. # 42] and the Presentence Report, Colon's conviction was based on a series of cocaine sales to a confidential informant between February and April 2002.  On April 24, 2002, Colon's apartment was searched pursuant to a state warrant, revealing 37 grams of crack cocaine and 207 grams of powder cocaine, as well

as three[2] handguns located in a safe in the bedroom.  Colon was arrested on May 1, 2002 and admitted to having purchased 150 grams of cocaine from an individual in New York City that day, and to having purchased the handguns on the street approximately six months prior.  See Tr. of Guilty Plea at 34-36.

At his guilty plea hearing, defendant admitted to having been convicted of two prior felonies, manslaughter in the first degree and failure to appear in the first degree, in 1988.  Id. at 36.  Colon served approximately 13 years in prison for these crimes, having been released in April 2001.  PSR at 5.  Based on these prior convictions, six points were added to defendant's criminal history category under U.S.S.G. §§ 4A1.1(a) and 4A1.2(d)(1), and another two points added because he committed the instant offense less than two years after his release from prison.  U.S.S.G. § 4A1.1(e).

Based on his criminal history category of IV, and a total offense level of 29, Colon's Guideline range was 121-151 months. He faced a mandatory minimum of 5 years and maximum of 40 years on the conspiracy count, and a maximum of 10 years on the firearm count.

---

[2] The PSR states that defendant illegally possessed three handguns, PSR [Doc. # 35] ¶ 12, and possession of three handguns was charged in Count Three of the indictment [Doc. #7] and admitted in defendant's Plea Petition, [Doc. # 19] at 12.  However, at his change of plea hearing Colon only admitted to possessing two handguns.  Tr. of Guilty Plea at 36-37.  The discrepancy may stem from doubt over whether the Smith & Wesson handgun was manufactured in Connecticut and therefore whether it traveled in interstate commerce.  See id. at 40.

Colon moved for downward departures on several grounds. First, he argued that the Government had unfairly withheld a departure motion for substantial assistance under § 5K1.1. Second, he argued that because he voluntarily disclosed his participation in two previous murders as a member of Frank Estrada's gang he was entitled to a downward departure pursuant to U.S.S.G. § 5K2.16. Third, he argued that he had extraordinary physical impairments (asthma, obesity, venous stasis and cellulitis of the leg, and diabetes tendency) that qualified for a departure pursuant to § 5H1.4, and finally he argued that the harsh conditions of his pretrial confinement qualified him for a "heartland" departure under § 5K2.0.[3] The Court rejected these grounds for departure and sentenced defendant at the bottom of the Guidelines range to 121 months on Count One and 120 months on Count Three, to run concurrently.

**III. Colon's Arguments for Resentencing**

    **A.   Section 3553 Factors**

Under <u>Crosby</u>, the Court first must calculate the applicable Guidelines range. On considering Colon's motion, the Court adheres to its prior decision that defendant is not eligible for any downward departures under the Guidelines. First, § 5K2.16 departures apply to voluntary disclosure of the offense of

---

[3] Defense counsel declined to pursue the latter two contentions at the sentencing hearing, Tr. of Sentencing at 4-5, but the Court addressed them when the defendant mentioned them in his personal statement.

conviction, and in this case the proffered information concerned an unrelated murder. Additionally, based on the Government's sealed submission and memorandum [Docs. ## 34, 37], it is clear that the Government knew about Frank Estrada's involvement in the murder of Anthony Bridgeforth prior to the time Colon sent a letter informing the Government that he was an eyewitness to the murder. Thus Colon does not merit a § 5K2.16 departure.

It is also undisputed that Colon declined to assist the joint narcotics task force as a confidential informant. Tr. of Sentencing at 13 (Defense counsel stated that Mr. Colon "adamantly refused to cooperate with" the task force because he "knows what they do on the street with information that they have."); see also id. at 42 (Defendant stated he "refused to cooperate with statewide..."). There was no cooperation agreement between Colon and the Government. For these reasons, the Government's refusal to make a motion under § 5K1.1 cannot be deemed to be made in bad faith.

The Court found at the time of the original sentencing that "the defendant has not met his burden of demonstrating the existence of circumstances of such an extraordinary nature by way of impairment or conditions of confinement to warrant a departure." Id. at 48. The medical evaluation from FCI-Devens, appended to the PSR, indicated that Colon's venous stasis was responding well to a compression wrap on his right leg, and that

his "mild asthma exacerbation was treated with one nebulizer treatment with a good response." The medical staff concluded that Colon "needs no further medical evaluation and is ready for discharge," and could be "managed effectively at an alternate facility." There was evidence that, while confined, defendant suffered an adverse reaction to a flu shot, but there was no evidence that this unexpected reaction resulted from medical neglect on the part of prison authorities. Tr. of Sentencing at 47. This evidence does not meet defendant's burden of showing an extraordinary medical hardship under § 5H1.4 or § 5K2.0. Thus, for purposes of § 3553(a)(4), the Sentencing Guidelines range is 121-151 months.

Defendant argues that, while these factors were insufficient for a departure, they now can be considered in the totality of the § 3553(a) analysis, and weighing such factors must yield a lower sentence. In particular, defendant argues that his past and ongoing health problems warrant a non-Guidelines sentence. In a letter dated July 15, 2005, defense counsel submitted that Colon had not been designated to a medical facility as the Court requested, and that the Bureau of Prisons "cavalierly" told Colon to exercise, watch his diet, and lose weight in order to improve his health. While the Court, on resentencing, would be free to consider Colon's medical concerns under the rubric of § 3553(a)(1), the "history and characteristics of the defendant,"

7

the Court concludes that consideration of these medical concerns, which appear to be adequately attended to by medical personnel at defendant's current facility, in the context of the totality of the other § 3553 factors, would not yield a different sentence.

Counterbalancing Colon's health considerations are many factors, including the other relevant history and characteristics of the offender, the seriousness of the offense, the need to protect the public, and the kinds of sentences available.  Under the category of offender characteristics, Colon was held responsible for conspiring to possess with intent to distribute and distribution of 37 grams of crack cocaine and 207 grams of powder cocaine, which was, according to the PSR, "a conservative estimate based on the amount of drugs that were seized during the search of Mr. Colon's apartment on May 1, 2002."  PSR ¶ 14. Colon has admitted to regularly selling crack and cocaine for Frank Estrada since the age of 14, see Tr. of Sentencing at 38-39, and thus although the indictment only charged him with conspiracy between February and May 2002, defendant's admitted drug-dealing activities were much more extensive.  Colon claimed to have received a GED and to have worked briefly at a carpentry company, but neither claim could be verified by the U.S. Probation office, and it appears that Colon essentially spent his entire life from the age of 14 until his arrest on the present case as a high-level member of Estrada's drug gang.  Colon served

13 years for first-degree manslaughter, in a shooting completed at Estrada's behest.  When arrested in this case, Colon was in illegal possession of several handguns.  These circumstances indicate that, other than the defendant's medical problems, Colon's history and characteristics weigh in favor of a substantial sentence of incarceration.

The offenses of conviction are extremely serious, given the amount of drugs involved and the defendant's illegal possession of firearms, and a substantial sentence is warranted to promote respect for the law and provide just punishment for both offenses of conviction.  The fact that the present offenses were committed only shortly after defendant's release from prison on the manslaughter conviction indicates that even 13 years of incarceration did not change the defendant's ways, and there is a substantial need to protect the public in this case.

Neither does factor (6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," weigh in favor of a non-Guidelines sentence.  Colon has not argued that he received a disparate sentence compared to comparable defendants.  The Sentencing Guidelines were established with the purpose of imposing similar sentences on similarly-situated defendants, and they assist the Court in avoiding unwarranted disparities. Defendant received a sentence within the applicable Guidelines

range, which even post-Booker is advisory and has not been claimed to be disparate from other defendants with similar records convicted of similar crimes.

Finally, factors (5), concerning Guidelines policy statements, and (7), concerning victim restitution, do not apply in this case.

Considering all the factors in § 3553(a), the Court concludes that a Guidelines sentence was appropriate in this case, and it would not impose a different sentence, based on defendant's health or any other factor, if it were to resentence.

**B.   Criminal History**

Defendant argues that he should be resentenced because his criminal history category was unlawfully increased based on his prior manslaughter and failure-to-appear convictions. He argues that Shepard v. United States, 544 U.S. 13 (2005), prohibits the Court from enhancing his sentence based on a prior conviction.

Colon reads Shepard too broadly. The issue in that case was whether a defendant could be sentenced under the Armed Career Criminal Act ("ACCA"). Unlike the ACCA, the criminal history calculation in this case did not depend on the facts underlying Colon's prior offenses, only the fact and date of conviction. Under U.S.S.G. § 4A1.1(a), the only necessary information was that the defendant's prior sentence of imprisonment exceeded one year, and under § 4A1.2(d)(1) the only necessary data was that

the defendant was convicted as an adult.  Under § 4A1.1(e) the only fact to be found by the Court was that the instant offense was committed less than two years after release from a term of imprisonment longer than 60 days.  All of this information can be determined from the face of the 1988 state court judgment.  It was also admitted by Colon at sentencing, when he accepted the criminal history calculation in the PSR.  Tr. of Sentencing at 4.  As such, this Court was not called upon to find any disputed facts underlying the state court convictions, only the fact of the convictions.

Shepard therefore would not govern Colon's criminal history calculation if the Court were to resentence him, and resentencing is not warranted on this basis.

**C.   Post-Sentencing Rehabilitation**

Finally, defendant argues that resentencing is warranted to account for rehabilitation during his past approximately four years in prison, specifically completion of courses in construction, carpentry, emergency management, retrofitting flood prone residential structures, hazardous materials, radiological emergency management, exercise design, mitigation for homeowners, money management, car dealership, and a variety of health and wellness issues.  See Def. Mem. of Law Ex. B.

Under Crosby, the decision whether resentencing is warranted is to be made "on the circumstances at the time of the original

11

sentence...." Crosby, 397 F.3d at 120.  The Court therefore does not consider Colon's newly-earned certificates, but considers only the evidence and arguments presented at the original sentencing, in determining that resentencing is not warranted.

**IV. Conclusion**

For the foregoing reasons, the Court would not impose a different sentence if it were to resentence Colon, and accordingly defendant's request for resentencing [Doc. # 49] is DENIED.

IT IS SO ORDERED.

/s/

_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 25th day of April, 2006.**