MANDATE

FILED

DIST OF COUN (N.H.)
02-CR-175
PATERSON

06-2313-cr
U.S.A. v. Colon

2007 DEC 26 P 3: 15

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

U.S. ~~COURT~~
~~~~

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of November, two thousand seven.

PRESENT:    HONORABLE ROGER J. MINER,
            HONORABLE REENA RAGGI,
                *Circuit Judges,*
            HONORABLE JED S. RAKOFF,
                *District Judge.*[1]

------------------------------------------------------------

UNITED STATES OF AMERICA,

                          *Appellee,*

         v.

SAMUEL COLON,

                 *Defendant-Appellant.*

------------------------------------------------------------

UNITED STATES COURT OF APPEALS
FILED
NOV 14 2007
Catherine O'Hagan Wolfe, Clerk
SECOND CIRCUIT

No. 06-2313-cr

FOR APPELLANT:            Joseph W. Martini, Pepe & Hazard LLP, Southport, Connecticut.

------------------------------------------

[1] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ISSUED AS MANDATE: 12/7/07

FOR APPELLEE:                    James K. Filan, Jr., Assistant United States
                                Attorney, William J. Nardini, Assistant United
                                States Attorney, *for* Kevin J. O'Connor, United
                                States Attorney for the District of Connecticut,
                                New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Janet Bond Arterton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, upon review of the district court's order, entered on April 25, 2006, the judgment of conviction entered on July 15, 2003, is AFFIRMED.

Defendant Samuel Colon appeals the district court's decision, on remand pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), to adhere to the concurrent sentences of 121 and 120 months' incarceration imposed as a result of Colon's guilty plea to (1) conspiracy to distribute and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Failure to Demonstrate Plain Sixth Amendment Error

The purpose of a Crosby remand is to ascertain whether non-final sentences imposed before United States v. Booker, 543 U.S. 220 (2005), manifest plain error under the Sixth Amendment. See United States v. Crosby, 397 F.3d at 118. To the extent Colon asserts that prior convictions used to calculate his Criminal History Category under the Sentencing Guidelines needed to be found by a jury beyond a reasonable doubt or admitted by the

2

defendant, he appears to assert a Sixth Amendment violation. Such an argument is meritless.

First, it appears that Colon did, in effect, admit the fact of his prior convictions by failing to dispute their inclusion in his presentence report ("PSR"), a fact duly noted by the district court in its April 25, 2006 order denying resentencing. See United States v. Fagans, 406 F.3d 138, 142 (2d Cir. 2005) (noting that where defendant with prior conviction "made no objection to the facts contained in the PSR, the fact of [the] prior conviction may be taken as admitted").

Second, even absent such admission, Colon could not establish a Sixth Amendment violation because the Supreme Court has expressly ruled that prior convictions are not facts that have to be proved to a jury, even when they trigger enhanced sentences. See Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see also United States v. Booker, 543 U.S. at 231 (recognizing Apprendi's recidivism exception); United States v. Snype, 441 F.3d 119, 147-49 (2d Cir. 2006).

In this case, Colon's prior convictions triggered no mandatory sentence enhancement; they were relevant only to the calculation of his Sentencing Guidelines. The district court having acknowledged the advisory nature of the Guidelines, the Sixth Amendment did not require jury findings of fact to support their calculation. See United States v. Gonzalez, 407 F.3d 118, 125 (2d Cir. 2005) (holding that, after Booker and Crosby, preponderance standard supported judicial determination of Guidelines).

3

2.    <u>Failure to Demonstrate Unreasonableness of Sentence</u>

To the extent Colon persists in challenging his sentence, notwithstanding the absence of Sixth Amendment error, our review is limited to an assessment of reasonableness. See <u>United States v. Booker</u>, 543 U.S. at 262; <u>United States v. Sindima</u>, 488 F.3d 81, 84 (2d Cir. 2007); <u>United States v. Fernandez</u>, 443 F.3d 19, 26 (2d Cir. 2006); <u>see also</u> <u>United States v. Williams</u>, 475 F.3d 468, 474 (2d Cir. 2007) (holding "that we review a sentence for reasonableness even after a District Court declines to resentence pursuant to <u>Crosby</u>"). While this standard has both procedural and substantive components, it is best analogized to review for abuse of discretion in that an appellate panel does not substitute its judgment for that of the sentencing judge. See <u>United States v. Fernandez</u>, 443 F.3d at 27; <u>United States v. Crosby</u>, 397 F.3d at 114-15.

Colon's contention that his sentence is procedurally unreasonable because his Criminal History Category was calculated based on prior convictions not proved to a jury is foreclosed by our holding that the Sixth Amendment requires no such proof. Colon's claim that his 121-month sentence — at the low end of his 121-151 month Guidelines range — is substantively unreasonable in light of his "history and characteristics," 18 U.S.C. § 3553(a)(1), is equally meritless. On <u>Crosby</u> remand, the district judge expressly recognized her authority to impose a non-Guidelines sentence based on Colon's medical problems, <u>see</u> 18 U.S.C. § 3553(a)(1), (a)(2)(D) (requiring consideration of defendant's "history and characteristics" and need for "medical care"). She declined to exercise that authority in light

4

of Colon's extensive criminal history, the "extremely serious" nature of his offense, and the need to protect the public. See 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(C). The court's conclusion that no lesser sentence was warranted even under an advisory Guidelines system cannot be deemed unreasonable given its recognition of these "counterbalancing" factors. As we have repeatedly observed, we will not second-guess the weight a district court accords a mitigating sentencing factor in imposing an otherwise reasonable sentence. See United States v. Florez, 447 F.3d 145, 157-58 (2d Cir. 2006); United States v. Fernandez, 443 F.3d at 34. Moreover, as the Supreme Court recently stated: "[W]here [the sentencing] judge and [the Sentencing] Commission both determine" that a sentence within the Guidelines range is appropriate for the case at hand, "that sentence likely reflects the § 3553(a) factors." Rita v. United States, 127 S. Ct. 2456, 2467 (2007); see also United States v. Ministro-Tapia, 470 F.3d 137, 142 (2d Cir. 2006). In sum, this is not one of those rare cases in which we encounter a Guidelines sentence that is unreasonable. See United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005).

The July 15, 2003 judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK

5