UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:02CR175(JBA) |
| | : | |
| SAMUEL COLON | : | May 9, 2008 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On March 5, 2008, the defendant, Samuel Colon, filed a motion for resentencing, pursuant to 18 U.S.C. § 3582(c)(2), seeking to reduce his sentence pursuant to the recent amendments to the cocaine base ("crack") United States Sentencing Guidelines. The defendant asserts that he is entitled to a two-point reduction under the amended Guidelines. The defendant further requests a full re-sentencing under *Kimbrough v. United States*, 128 S. Ct. 558 (2007) and asks for a sentence <u>below</u> the revised Sentencing Guidelines' range. Although the defendant is eligible for a two-level reduction in his Guideline range under the recent Sentencing Guideline amendments, the Court should exercise its discretion not to grant a reduction of his sentence given the public safety concerns presented by the circumstances of the offense and the defendant's prior criminal conduct – which includes a first-degree manslaughter conviction. It is the Government's position that should the Court choose to grant the defendant a reduction of his sentence, the Court's authority to do so is limited to a two-level reduction under the Guidelines, as § 3582(c)(2) does not authorize a full re-sentencing.

**I.    <u>BACKGROUND</u>**

On June 18, 2002, a federal grand jury returned a three-count indictment charging the defendant with conspiracy to possess with intent to distribute and distribution of cocaine and cocaine

base, in violation of 21 U.S.C. § 846 (Count One), possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1) (Count Two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three). (Indictment, Doc # 7). On September 26, 2002, the defendant pleaded guilty to Counts One and Three of the indictment, specifically, the drug conspiracy charge and the gun possession charge. (Doc # 18).

At the time of sentencing, the defendant did not dispute this Court's calculation of his criminal history category, (*See* July 9, 2003, Tr. at 4), but did seek a downward departure on various grounds, all of which were denied. (*See* July 9, 2003, Tr. at 4-10). The Court sentenced the defendant on July 9, 2003, to an aggregate term of 121 months in prison, as follows: 121 months of imprisonment and four years supervised release on Count One and 120 months of imprisonment and three years supervised release on Count Two. (July 9, 2003, Tr. at 49; Judgment, Doc. # 36). The Court ordered the sentences to run concurrently.

On July 18, 2003, the defendant appealed his sentence. (Notice of Appeal, Doc. # 39). On April 18, 2005, the Second Circuit remanded the case to this Court for consideration of a re-sentencing in light of *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). (Order, Doc. # 44). After briefing by the parties on the issue of re-sentencing, this Court denied defendant's motion for re-sentencing without a hearing, and issued a written opinion filed on April 25, 2006. (Opinion, Doc. # 53). In its opinion, the Court found the following: "it would not have imposed a different sentence if it had sentenced Colon in light of the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). *See Crosby* 397 F.3d at 118 (holding that resentencing is not required if court concludes 'the sentence would have been essentially the same as originally imposed.')".

Thereafter, the defendant again appealed his sentence, and the Second Circuit affirmed in

*United States v. Colon*, No. 06-2313-cr, 2007 WL 3390895, at 1-2 (2d Cir. 2007).  On March 4, 2008, the defendant again moved this Court for a re-sentencing, this time seeking a reduction of his sentence pursuant to Title 18 U.S.C. § 1B1.10 and *Kimbrough v. United States*, 128 S.Ct 558, 566 (2007) (Doc. # 64).  In his current motion for re-sentencing, the defendant seeks a sentence <u>below</u> what would be the revised applicable guideline range resulting from the recent amendment to the Guidelines.

For the reasons set forth below, the Government asserts that while the recent amendment to United States Sentencing Guidelines is applicable to the defendant, the Court in exercising its discretion, should not re-sentence the defendant, both because there are serious public safety concerns and because the 121-month sentence that he is currently serving remains appropriate and is within the revised Guidelines range.

## II.    <u>DISCUSSION</u>

### A.    <u>The 2007 Amendments to the Crack Guidelines and 18 U.S.C. § 3282(c)(2).</u>

Title 18, United States Code, section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper

3

procedure for implementing the amendment in a concluded case.[1]  On December 11, 2007, the

Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of

relief available under 18 U.S.C. § 3582(c).  *See* U.S.S.G. App. C, Amend. 712.  Revised Section

1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1)  <u>In General</u>.—In a case in which a defendant is serving a term of
> imprisonment, and the guideline range applicable to that defendant has
> subsequently been lowered as a result of an amendment to the Guidelines
> Manual listed in subsection (c) below, the court may reduce the defendant's
> term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by
> 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of
> imprisonment shall be consistent with this policy statement.

> (2)  <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not
> consistent with this policy statement and therefore is not authorized under 18
> U.S.C. § 3582(c)(2) if—

>> (A)  none of the amendments listed in subsection (c) is applicable to the
>> defendant; or

>> (B)  an amendment listed in subsection (c) does not have the effect of
>> lowering the defendant's applicable guideline range.

> (3)  <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C.
> § 3582(c)(2) and this policy statement do not constitute a full resentencing of
> the defendant.

---

[1]  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C.
§ 994(u), which provides:  "If the Commission reduces the term of imprisonment recommended in
the guidelines applicable to a particular offense or category of offenses, it shall specify in what
circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the
offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section
1B1.10(c).  *See, e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v.
Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir.
2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68,
70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States
v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir.
1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713. *Id.*

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in

_____

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

5

the guidelines for crack offenses.  At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.

### B.    The Court has Discretion Whether to Grant a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) and Should Consider Public Safety Factors.

The Court may act on a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) without the defendant's presence.  Section 1B1.10(a)(3) of the Guidelines provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."  In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c).  Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeals to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under § 3582(c).  *See, e.g.*, *Anderson v. United States*, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is <u>not</u> required") (emphasis in original); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); *United States v. Tidwell*, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

6

Although the defendant may qualify for a reduction in sentence under § 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in § 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998); *see also United States v. Colon*, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id*., comment. (n. 1(B)(I)); *see also* U.S.S.G. § 1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). Courts are in agreement on this point. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must

make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *Vautier*, 144 F.3d at 760. First, § 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

*Id*. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact."[3] *Vautier*, 144 F.3d at 760.

In the second step, "the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id*. Subject to the limits set forth in § 1B1.10(b), the Court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.

In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and

---

[3] The Eighth Circuit has also endorsed and explained at length this two-step procedure. *United States v. Hasan*, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc) (*citing United States v. Wyatt*, 115 F.3d 606 (8th Cir. 1997)).

In *United States v. Legree*, 205 F.3d 724, 728 (4th Cir. 2000), the Fourth Circuit stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The Fourth Circuit did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

### C.    The Extent of Any Sentence Reduction is Strictly Limited.

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in § 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n. 3). Thus, the Court may not reduce the sentence below the range provided by the

9

amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id.*, comment. (n. 3).

### D.     The Court Should Exercise its Discretion and Deny Relief on Public Safety Grounds

Here, the defendant is eligible for a two-level reduction, but the Court should exercise its discretion and determine that a reduction is inappropriate in light of the § 3553(a) factors. The need for specific deterrence and to protect the public from future crimes of a defendant are two fundamental purposes of sentencing, as set forth in 18 U.S.C. § 3553(a), and they are substantial considerations in deciding whether to grant the defendant's motion.

The nature of the crimes and the defendant's serious criminal history simply cannot be ignored. First, the circumstances of the crimes of conviction raise significant public safety concerns, given that the defendant was involved not only in the distribution of narcotics, having engaged in "a series of cocaine sales to a confidential informant between February and April 2002" (Doc # 53, Opinion filed April 25, 2006, at 3), but also his having been a felon in possession of multiple firearms. (*Id.* at 4 (observing that there were "three handguns located in a safe in the bedroom" and noting that "Colon was arrested on May 1, 2002 and admitted to having purchased 150 grams of cocaine from an individual in New York City that day, and to having purchased the handguns on the street approximately six months prior," and citing transcript of guilty plea at 34-36)).

Second, the defendant's serious and extensive criminal history was and remains a serious and grave concern. As the Court noted in its Opinion denying his motion for re-sentencing after the *Crosby* remand, "[a]t his guilty plea hearing, defendant admitted to having been convicted of two prior felonies, manslaughter in the first degree and failure to appear in the first degree." (*Id.* at 4).

As the Court further observed, the defendant served approximately 13 years in prison for the prior two felonies (manslaughter and failure to appear) and committed the instant drug and gun offenses less than two years after his release from prison. (*Id.*) "Colon has admitted to regularly selling crack and cocaine for Frank Estrada since the age of 14, *see* Tr. of Sentencing at 38-39, and thus although the indictment only charged him with conspiracy between February and May 2002, defendant's admitted drug-dealing activities were much more extensive. . . . [A]nd it appears that Colon essentially spent his entire life from the age of 14 until his arrest on the present case as a high-level member of Estrada's drug gang.

Colon served 13 years for first-degree manslaughter, by virtue of a shooting that he completed at Estrada's behest. When arrested in this case, Colon was in illegal possession of several handguns. These circumstances indicate that . . . Colon's history and characteristics weigh in favor of a substantial sentence of incarceration." (*Id.* at 8-9). As this Court previously found, "the fact that the present offenses were committed only shortly after defendant's release from prison on the manslaughter conviction indicates that even 13 years of incarceration did not change the defendant's ways and there is a substantial need to protect the public in this case." (*Id.* at 9). In imposing his original sentence, the Court recognized the public safety concerns raised by the defendant's prior criminal conduct and his undeterred recidivism.

Moreover, the Court can not discount the fact that the defendant committed manslaughter. He committed manslaughter, taking the life of another, and did so at the behest of Frank Estrada. The serious public-safety risk raised by this fact is in no way lessened simply because of the passage of time, or because of the recent amendment to the Sentencing Guidelines. There is perhaps no greater threat to public safety than that of an individual who would take the life of another and do

11

so not out of rage or in a moment of uncontrolled passion, but at the request of someone like Frank

Estrada.  The Court simply can not overlook the significance of the danger posed by the defendant.

The sentence of 121 months, which was appropriate when imposed (and when reconsidered under

*Booker* and *Crosby)* remains so today.

E.     **The Defendant's Post-Sentencing Conduct Can Not Outweigh The Very Real Public Safety Concerns**

The defendant also argues that his sentence should be reduced based, in part, on his post-

sentencing conduct.  In support of this argument the defendant cites a series of physical training

programs and his completion of other courses while incarcerated, such as anger management and his

obtaining a GED.  (Doc. # 64, Def. Mem at 9-10).  The citing by defendant of his recent earning a

of GED while incarcerated as a factor to be considered on this motion is interesting, in that, as the

Court observed in its earlier Opinion issued April 25, 2006, "Colon claimed to have received a

GED" (Doc. # 53, Opinion, April 25, 2006 at 8) but this could not be verified by the U.S. Probation

office.  (*Id*.).  It appears on its face that the defendant either is claiming credit for earning GED that

he was not entitled to earn, having already received one, or that he previously misrepresented (or

fabricated) this fact about his educational background to the U.S. Probation office and thus to the

Court.  Either way, the earning of a GED and completion of certain physical fitness courses, all of

which will benefit his own quality of life, simply cannot outweigh the public safety concerns raised

by his lifetime of criminal conduct and serious criminal history.  Moreover, the defendant can not

even point the Court to an unblemished disciplinary record since entering federal prison, in that he

was sanctioned while incarcerated.

Despite the fact that he does not have an overly extensive disciplinary record since entering

12

federal prison, his record is not spotless and accordingly, this fact does not support a reduction of his sentence.  More significantly, the public safety factors cited above, militate heavily against granting a sentence reduction sought and significantly outweigh both the post-sentencing conduct and the policy reasons cited by defendant.

F.      **The Defendant's Current Sentence is Within the Revised Guideline Range**

The sentence that the defendant is currently serving of 121 months is within the revised guideline range of 100-125 months, this fact provides the Court with an additional reason not to re-sentence the defendant.  The Court considered all the § 3553(a) factors in handing down both the original sentence and again on reconsideration following the *Crosby* remand.  In both instances, the Court, in its considered judgment, found a sentence of 121 months to be appropriate period of incarceration.  Further, even after *Booker* and *Crosby* where the Court considered the sentence with the understanding that the Guidelines were advisory, the Court found 121 months to be an appropriate sentence and concluded it would not impose a different sentence.  (Doc # 53, Opinion filed April 25, 2006, at 10-11).  To the extent that the Court found a guideline sentence to be appropriate (*See Id*), the current sentence is still a guideline sentence under the amended range and is still an appropriate period of incarceration.

Thus, while the Government concedes that the 2-level reduction in range is applicable, the same sentence of 121 months is within the revised range of 100-125 months, and is not even the top of the range.  Accordingly, the Government asserts that the Court need not and should not resentence the defendant to a shorter term of incarceration, as 121 continues to be appropriate and is well within the applicable range.

13

### G. *Booker* and *Kimbrough* Do Not Authorize a Full Resentencing.

The defendant does not limit his motion to a request for a two-level reduction. He also argues that the Court should conduct a full resentencing and reexamine the entire sentence consistent with the Supreme Court's decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The fundamental underpinnings of this argument are that the Guidelines were made advisory by *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough* specifically permitted sentencing courts to consider the disparity in sentencing between crack and powder cocaine. Given that the Court should exercise its discretion and not grant the defendant a sentence reduction for the public safety reasons delineated above, it need not address this claim. Even if it did, though, the defendant's contention is without merit.

The defendant's argument on this front fails because *Booker* and *Kimbrough* may not be applied in a § 3582(c)(2) proceeding as a basis for reducing a sentence below the amended guideline range. Section 3582(c)(2) allows a court to reduce a sentence based on a retroactive guideline amendment only as authorized by the Sentencing Commission, and the Commission has limited the extent of such a reduction to the application of the amended guideline range or a reduction comparable to the extent of a previously granted reduction below the earlier guideline range.

### 1. Section 3582(c)(2) Limits Sentencing Reductions Based on Retroactive Guidelines to Those Authorized by the Sentencing Commission.

In 18 U.S.C. § 3582(c)(2), Congress created a "narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Section 3582(c)(2) permits a sentencing reduction based on a retroactive guideline only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In the Sentencing Reform Act, Congress specifically delegated to the Sentencing Commission the authority to determine when, and to what extent, a sentencing reduction is allowed. Under 28 U.S.C. § 994(u), when the Commission amends the guidelines, the Commission "shall specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). As the Supreme Court has explained, under this provision, "Congress has granted the Commission the unusual and explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." *Braxton v. United States*, 500 U.S. 344, 348 (1991) (citing § 994(u); emphasis omitted). Thus, under the express statutory language of § 3582(c)(2) and § 994(u), the Commission's policy statements that implement the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a mandatory minimum are binding. *See United States v. Walsh*, 26 F.3d 75, 77 (8th Cir. 1994) ("Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation."); *United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) ("Because § 3582(c) limits the substantive authority of the district court, it is a real 'jurisdictional' rule rather than a case-processing requirement.").

### 2. The Statute and Policy Statements Prohibit a Reduction Below the Floor Set by the Sentencing Commission.

As explained above, § 3582(c)(2) does not provide for full resentencing of the defendant. In its recent revision to the policy statement governing sentencing reductions under § 3582(c)(2), the Sentencing Commission made clear that proceedings under the statute "do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see United States v. Bravo*, 203 F.3d 778,

781 (11th Cir. 2000) (Section 3582(c)(2) "'do[es] not contemplate a full de novo resentencing'")

(quoting *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997)); *see also United States v.*

*McBride*, 283 F.3d 612, 615 (3d Cir. 2002); *United States v. Jordan*, 162 F.3d 1, 4 (1st Cir. 1998);

*United States v. Torres*, 99 F.3d 360, 361 (10th Cir. 1996).

Rather than authorizing a full reexamination of a defendant's sentence, the Sentencing

Commission has placed explicit limits on the extent of a sentencing reduction permissible under §

3582(c)(2), as noted above.  Thus, the Commission, consistent with the authorization provided by

Congress, has set a floor below which a reduced sentence may not fall.  In short, 18 U.S.C.

§ 3582(c)(2) and U.S.S.G. § 1B1.10 are narrow provisions which permit a limited reduction of

sentence, while prohibiting a complete reevaluation of the sentence.  *See, e.g., United States v.*

*Hasan*, 245 F.3d 682, 685-86 (8th Cir. 2001) (*en banc*) (reduction below the amended guideline

range is not permitted); *Bravo*, 203 F.3d at 781 (court was not permitted to "depart downward . . .

to an extent greater than that authorized under § 3582(c) based on the amended guideline

provision").

    **3.**    ***Booker* and *Kimbrough* Did Not Affect the Limits on Sentencing Reductions Under Section 3582(c)(2).**

In *Booker*, the Court held that the Sixth Amendment, as construed by the Court in *Apprendi*

*v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), applied to the

federal Sentencing Guidelines, under which the sentencing court rather than the jury found facts that

established the mandatory guideline range.  *Booker*, 543 U.S. at 230-45.  The Court remedied that

constitutional defect by severing the statutory provisions that made the guideline range mandatory,

resulting in a regime in which the Guidelines are advisory, and courts are to consider the guidelines

and the other factors in 18 U.S.C. § 3553(a) in selecting an appropriate sentence. *Id*. at 245-68; *see Gall v. United States*, 128 S. Ct. 586, 594 (2007).

Nothing in *Booker* expands the scope of sentencing reductions under § 3582(c)(2). As an initial matter, even before *Booker*, the Guidelines were not mandatory in § 3582(c) proceedings. Judges were never required to reduce a sentence. Rather, § 3582(c)(2) states that a court "may" reduce the term of imprisonment. Nor, if courts did so, were they required to reduce a sentence to the full extent permitted by the retroactive guideline amendment. Instead, judges were to "consider[] the factors set forth in Section 3553(a) to the extent that they are applicable" and reduce the sentence "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). Thus, the § 3553(a) factors were always the guiding principle under § 3582(c)(2), with the sole limitation that a reduction must accord with the Commission's policy statements.

*Booker* had no direct effect on § 3582(c)(2). *Booker's* constitutional holding applied the now-familiar rule that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 543 U.S. at 231 (quoting *Apprendi*, 530 U.S. at 490). That rule has no application to proceedings under § 3582(c)(2), which can only decrease – not increase – the defendant's sentence. Moreover, the limits that § 3582(c)(2) and U.S.S.G. § 1B1.10 impose on the extent of reductions are, at most, the equivalent of mandatory minimum sentences, which the Sixth Amendment permits within an otherwise-authorized sentencing range. *See Harris v. United States*, 536 U.S. 545 (2002).

*Booker's* remedial holding is likewise inapplicable. *Booker* applies to full sentencing

17

hearings – whether in an initial sentencing or in a resentencing where the original sentence is vacated for error. The Court excised and severed the provision that made the Guidelines mandatory in those sentencings, 18 U.S.C. § 3553(b). It also excised the related provision on appellate review, 18 U.S.C. § 3742(e). "With these two sections excised (and statutory cross-references to the two sections consequently invalidated)," the Court held, "the remainder of the Act satisfies the Court's constitutional requirements." *Booker*, 543 U.S. at 259. Section 3582(c)(2) contains no cross-reference to § 3553(b) and therefore was not excised by *Booker*. Nor is there anything else in *Booker* that directly addresses § 3582 proceedings.

The *Booker* Court applied its advisory guidelines remedy to cases in which no Sixth Amendment violation existed, concluding that Congress would not have wanted the Guidelines to be mandatory in some contexts and advisory in others. *Booker*, 543 U.S. at 266. The Court rested its conclusion on two observations, neither of which is applicable to reduction proceedings under § 3582(c)(2). The first was that Congress would not have wanted to "impose mandatory . . . limits on a judge's ability to reduce sentences," but not to "impose those limits upon a judge's ability to increase sentences." *Id*. (emphasis in original); *see id*. (Congress would not have wanted such "one-way lever[s]"). But Congress clearly intended § 3582(c)(2) to be a "one-way lever" – it gives the court the option to leave a defendant's sentence alone or to reduce it, but does not permit the court to increase the sentence. Second, the Court observed that rendering the Guidelines partially advisory and partially mandatory in federal sentencings would engender significant "administrative complexities." *Id*. Given the limited scope of a proceeding under § 3582(c)(2), none of the significant "administrative complexities" is present that led the Supreme Court to require all guideline provisions to be advisory at full sentencing proceedings. *Booker*, 543 U.S. at 266. To the

contrary, holding that *Booker* requires full resentencings whenever a guideline is made retroactive – in many cases years after the original sentencing – would create major administrative complexities and would vastly expand the intended scope of a sentencing reduction under § 3582(c)(2).

Section 3582(c)(2)'s direction that the court "shall consider the factors in section 3553(a) to the extent that they are applicable" also does not aid the defendant. Although one of the factors in § 3553(a) is the guideline range, and *Booker* made that range advisory, the still-valid statutory language in § 3582(c)(2) requires courts to consider the § 3553(a) factors (including the Guidelines) when determining whether and by how much to reduce the sentence, "consistent with applicable policy statements issued by the Sentencing Commission." The Commission has made clear that courts are to consider the § 3553(a) factors in determining whether a reduction is warranted and "the extent of such reduction, *but only within the limits*" of § 1B1.10. U.S.S.G. § 1B1.10, app. note 1(B)(I) (emphasis added).

Nothing in the Supreme Court's recent decisions in *Gall v. United States*, 128 S. Ct. 586 (2007), or *Kimbrough v. United States*, 128 S. Ct. 558 (2007), affects this analysis. Both decisions reaffirmed *Booker*'s remedial holding that the Guidelines are advisory and that sentences are subject to appellate review for reasonableness, and both decisions proceeded to apply that remedial holding to the questions before them. Because, as explained above, *Booker* does not apply to § 3582(c) proceedings, the applications of Booker's remedial opinion in *Gall* and *Kimbrough* do not apply in such proceedings either.

A recent decision of the Third Circuit is persuasive on this issue. In *United States v. Wise*, 515 F.3d 207 (3d Cir. 2008), the defendants argued that they could gain relief under the crack amendments immediately, even though the Sentencing Commission in Amendment 713 provided

that the crack amendments would not become listed in § 1B1.10(c) as retroactive until Amendment

713's effective date of March 3, 2008.  The Third Circuit ruled that defendants could not obtain

immediate relief under § 3582(c)(2) because § 1B1.10(c) did not yet list the crack amendments.  *Id*.

at 220-21.  The Court stated:

> Some may argue that, because the Guidelines are no longer mandatory, defendants
> need not wait to apply for relief under § 3582(c)(2).  That fundamentally
> misunderstands the limits of *Booker*.  Nothing in that decision purported to obviate
> the congressional directive on whether a sentence could be reduced based on
> subsequent changes in the Guidelines.  As we have stated before, "[t]he language of
> the applicable sections could not be clearer: the statute directs the Court to the policy
> statement, and the policy statement provides that an amendment not listed in
> subsection (c) may not be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)."
> *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir.1995).

*Wise*, 515 F.3d at 221 n.11; *see id.* at 220 ("The Guidelines are no longer mandatory, but that does

not render optional" statutory directives).  Under this persuasive reasoning, and under the plain

language of § 3582(c)(2), the Sentencing Commission's determinations regarding whether and to

what extent a sentence may be reduced must be respected.  Other courts in this Circuit and elsewhere

that have addressed Amendment 706 agree that *Booker* is inapplicable.  *See, e.g., United States v.

Cruz*, 2008 WL 539216, at *2-5 (E.D.N.Y. Feb. 27, 2008) (holding that a reduction in sentence is

not authorized if there has been no change in the guideline range, and *Booker* is inapplicable to

permit greater relief); *United States v. Veale*, 2008 WL 619176, *3 (N.D.N.Y. Mar. 3, 2008).  *See

also United States v. Davis*, 2008 WL 660277, *2 (M.D. Fla. Mar. 6, 2008); *United States v. Rivera*,

2008 WL 576764, at *4 (E.D. Pa. Mar. 3, 2008); *United States v. Hopkins*, 2008 WL 504002, at *1

(N.D. Iowa Feb. 21, 2008).[4]

---

[4]  The government notes that in *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), the
Ninth Circuit incorrectly concluded that limiting the extent of a § 3582(c)(2) sentencing reduction
(continued...)

The conclusion that *Booker* does not apply in proceedings under § 3582(c)(2) is also consistent with the courts of appeals' unanimous holding that defendants whose convictions are final have no right to resentencing under *Booker* on collateral review under 28 U.S.C. § 2255. *See Guzman v. United States*, 404 F.3d 139, 141-44 (2d Cir. 2005);*Cirilo-Muñoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 613-16 (3d Cir. 2005); *United States v. Morris*, 429 F.3d 65, 66-67 (4th Cir. 2005); *United States v. Gentry*, 432 F.3d 600, 602-05 (5th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *Varela v. United States*, 400

---

[4](...continued)

to that prescribed by the Sentencing Commission amounts to a mandatory application of the Sentencing Guidelines that is prohibited by *Booker*. For the reasons stated above, the court's analysis in *Hicks* is flawed and should not be followed by this Court. *Hicks* fails to consider that the context of a § 3582(c)(2) proceeding, in which a court may only reduce a sentence or leave it undisturbed, is markedly different from the determinations under mandatory Guidelines which could increase a defendant's sentence – and thus run afoul of the Sixth Amendment – that were addressed in *Booker*. *Hicks* also fails to recognize that a sentencing reduction under § 3582(c)(2) is not a full resentencing proceeding, but a limited mechanism only for reducing a sentence to account for a retroactive guideline amendment. Likewise, *Hicks* ignores the fact that § 3582(c)(2) incorporates into the statute the limits in § 1B1.10, and that those statutory limits are binding on sentencing courts. Perhaps most significantly, *Hicks* did not have before it the revised text of and commentary to § 1B1.10, which now make clear the proper exercise of the Sentencing Commission's statutory authority to restrict the extent of sentencing reductions.

Furthermore, the defendant cites *United States v. Polanco*, 2008 WL 144825 (S.D.N.Y., Jan. 15, 2008), in support of his argument for a full fledged re-sentencing. (Doc. # 64, Def. Mem. at 6-7) However, this case is in no way dispositive of the issue, in that, not only is it not controlling on this issue, but the court did not even reach the issue of whether *Booker* applies to a § 3582 motion for reduction in sentence, holding that a decision on that issue was unnecessary. *Id*. at *2-3. Because it neither addressed nor resolved the arguments raised by this issue, the *Polanco* decision is not persuasive authority on this point.

F.3d 864, 867-68 (11th Cir. 2005); *In re Fashina*, 486 F.3d 1300, 1306 (D.C. Cir. 2007).  It would be incongruous if courts interpreted the congressional scheme in § 3582(c)(2), which provides for much more limited relief than § 2255, concerns only sentence reductions, and raises no Sixth Amendment concerns, as triggering a full *Booker* resentencing.

Indeed, given that *Booker* does not apply to the many defendants whose sentences were final when *Booker* was decided, it would be unfair to apply *Booker* to that subset of those defendants whose sentences are being lowered under Amendment 706.  Section 3582(c)(2) was designed only to permit courts to reduce defendants' sentences to account for a retroactive guideline amendment. To grant these defendants a further reduction that is not afforded to all other similarly situated defendants would produce the unwarranted sentencing disparities Congress sought to eliminate in the Sentencing Reform Act.  It would also entail enormous additional cost and effort in resentencing tens of thousands of inmates, even though § 3582(c)(2) by its terms does not authorize a full resentencing.

Accordingly, while this Court should consider the § 3553(a) factors in determining whether and to what extent to reduce the sentence, it must abide by the limitations on sentencing reductions directed by Congress.  *Booker* does not apply, and there is no authorization for this Court to revisit its earlier sentencing determinations.

Finally, should this Court disagree and conclude that *Booker* is applicable here, it should exercise its discretion not to change the defendant's sentence, for the reasons set forth above, or at least limit any sentence reduction to a sentence within the amended guideline range.  The Sentencing Commission's determinations, which always must be considered in sentencing, *see* 18 U.S.C. § 3553(a), deserve particular respect in this context, where Congress specifically delegated to the

Commission the authority to amend the Guidelines and to "specify in what circumstances and by what amounts the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). It is appropriate to abide by these restrictions, given that the Commission has properly determined that § 3582(c)(2)'s exception to the general rule of finality in criminal litigation should extend only to application of the newly amended guideline, not become an invitation to relitigate all other aspects of the sentence. *See* U.S.S.G. § 1B1.10(a)(3) (proceedings under § 3582(c)(2) "do not constitute a full resentencing of the defendant"). Adherence to the limits imposed by the Commission will also avoid disparity in sentencing among similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6). And it will avoid substantial unfairness to countless defendants who may not gain reconsideration of their final sentences because they did not enjoy the fortuity of having a retroactive guideline amendment applied to one aspect of their sentences.

## <u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion for reduction in sentence should be denied.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY


/s/Michael S. McGarry
MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct25713
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700
michael.mcgarry@usdoj.gov

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a copy of GOVERNMENT'S RESPONSE TO DEFENDANT'S

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) to be served on the

following on May 9, 2008:


by first class mail, postage prepaid:

Joseph W. Martini, Esq.
Wiggin and Dana LLP
PO Box 1832
New Haven, CT 06508-1832


by e-mail:

Raymond Lopez, Sr. Probation Officer
U.S. Probation
915 Lafayette Blvd.
Bridgeport, CT 06604


/s/Michael S. McGarry

---

MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY

24