**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. CRIM. 302CR175 (JBA) |
| Plaintiff, | : | |
| | : | |
| -v- | : | May 13, 2008 |
| | : | |
| SAMUEL COLON aka "fat Sammy" | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS**
**18 U.S.C. § 3582(c)(2) PETITION FOR RESENTENCING**

On March 4, 2008, defendant Samuel Colon petitioned this Court pursuant to 18 U.S.C. §

3582(c)(2), amended U.S.S.G. § 2D1.1(c) (effective November 1, 2007), amended U.S.S.G. §

1B1.10 (effective March 3, 2008), and *Kimbrough v. United States*, 128 S.Ct. 558, 566 (2007),

for a modification in sentence below the Guidelines range called for by the newly enacted, and

retroactive, Guideline amendments related to crack cocaine offenses, or, alternatively, for a

sentence at the low end of that range.  On May 9, 2008, the government filed its response,

objecting to any and all forms of resentencing.  The government argues that the Guidelines are

mandatory upon the filing of a § 3582(c)(2) petition, and that, the Court has no discretion under

*Kimbrough* (or *Booker*) to impose a non-Guidelines amended sentence.  The government also

argues that resentencing Colon amounts to a public safety risk for which no relief should be

afforded.

There are two flaws with the government's positions.  First, "as by now should be clear,

[a] mandatory system is no longer an open choice." *United States v. Booker*, 543 U.S. 220, 263

(2005).  That is, the Guidelines are advisory and this Court has discretion to grant a non-

Guidelines amended sentence.  *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007)

("[m]andatory Guidelines no longer exist, in this context or any other"); *United States v. Stokes*,

2008 WL 938919, at *4, n. 4 (M.D. Fla. April 7, 2008) (same); *Hicks v. United States*, 2008 WL 630067, at *1 (D. D. C. Mar. 6, 2008) ("The holding of *Hicks* is certainly persuasive . . . and I would be inclined to follow it"); *United States. v. Forty Estremera*, 498 F. Supp. 2d 468, 471-472 (D. Puerto Rico 2007) ("*Booker* applies to § 3582(c)(2) resentencing"). Second, the government seeks to, under the label of public safety, again punish Colon for crimes he has already committed, already served time for, and most importantly, crimes that were already factored into the length of Colon's original crack cocaine sentence.

For the reasons that follow, *Booker-Kimbrough* applies to § 3582(c)(2) proceedings; this Court has the sentencing discretion to grant a non-Guidelines amended sentence; and, at the very least, Colon should be afforded the benefit of a two level crack cocaine reduction in sentence.

## II.    ARGUMENT

At the outset, there is no dispute between the government and Colon that he "is eligible for a two level reduction in his Guidelines range under the recent Sentencing Guideline amendments." *See* Govt. Br. 5/9/08 at p. 1.[1] What is in dispute, however, is: (1) the proper application of *Booker-Kimbrough* in the § 3582(c)(2) context, and (2) the proper application of the "public safety" provision located within amendments themselves. Each issue is addressed in turn.

## A.    *Booker-Kimbrough* Applies To § 3582(c)(2)

Although the government concedes that Colon is eligible for a reduction in sentence, the government asserts that *Booker-Kimbrough* does not apply during § 3582(c)(2) proceedings; that

---

[1] Conceding that Colon is eligible for resentencing, the government simultaneously recognizes that § 3582(c)(2) is jurisdictionally triggered and satisfied, and that Colon's eligibility even comports with U.S.S.G. policy statement § 1B1.10, which provides for resenentencing, in part, where "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manuel." *See* 18 U.S.C. 3582(c)(2); U.S.S.G. § 1B10.10(a)(1). Furthermore, Colon reserves his right to be present at § 3582(c)(2) proceedings.

2

the Guidelines are mandatory in this setting (foreclosing any possibility of a non-Guidelines amended sentence); and, finally, that the Sentencing Commission may effectively override recent United States Supreme Court precedent through its re-imposition of a mandatory Guideline regime. The government misreads *Booker-Kimbrough*.

The United States Supreme Court clearly stated: "We hold that under *Booker*, the cocaine Guidelines, like all Guidelines, are advisory only." *Kimbrough*, 128 S.Ct. at 564 (emphasis added). Similarly stated, "as by now should be clear, [a] mandatory system is no longer an open choice." *Booker*, 543 U.S. at 263. Here, nevertheless, the government seeks a mandatory application of the Guidelines in some situations, but advisory in others. Not only is that dichotomous position squarely at odds with the Supreme Court precedent, but the Supreme Court, itself, has rejected it twice before. "Congress would not have authorized a mandatory system in some cases and a nonmandatory system in others." *Booker*, 543 U.S. at 266; *see also Kimbrough*, 128 S.Ct at 570 ("The Government acknowledges that the Guidelines 'are now advisory' . . . . [b]ut the Government contends that the Guidelines adopting the 100--to--1 ratio are an exception to the 'general freedom that sentencing courts have to apply the § 3553(a) factors.'"). Simply put, the Guidelines are advisory.

In fact, this same argument was flatly rejected by the only appellate court analyzing *Booker's* substantive relationship with § 3582(c)(2) proceedings. *See United States v. Hicks*, 472 F.3d 1167, 1171-72 (9th Cir. 2007) ("The dichotomy drawn by the government, where full re-sentencings are performed under an advisory system while "reduction proceedings," or "modifications," rely on a mandatory Guideline system, is false . . . . [m]andatory Guidelines no longer exist, in this context or any other."). And other district courts agree, or would agree. *United States v. Polanco*, 2008 WL 144825, at *2 (S.D.N.Y. Jan. 15, 2008) (criticizing

mandatory Guidelines during § 3582(c)(2) proceedings); *Stokes*, 2008 WL 938919, at *4 (*Booker-Kimbrough* applies at § 3582(c)(2) proceedings); *Hicks*, 2008 WL 630067, at *1 ("The holding of *Hicks* is certainly persuasive . . . and I would be inclined to follow it"); *Forty Estremera*, 498 F. Supp. 2d at 471-472 ("*Booker* applies to § 3582(c)(2) resentencing").

Perhaps above all, though, is that a mandatory Guidelines regime under § 3582(c)(2) contradicts both reason and purpose. There can be no doubt that the very purpose of § 3582(c)(2) is for a judge to impose a new sentence. And in doing so, the same judge endeavors to the proverbial sentencing process of calculating the defendant's Guidelines range, reconsidering the same § 3553(a) factors, and ultimately imposing a new sentence. *See Hicks*, 472 F.3d at 1171. Fundamentally, then, the acts of resentencing, and original sentencing, are so inextricably joined in purpose and effect, that there is no need to elevate form over substance, particularly when it comes to the imposition of prison terms.

In support of its position that the Guidelines are mandatory, the government cites several pre-*Booker* decisions, along with non-binding, and unpublished, decisions of late. Notwithstanding their precedental and analytical shortcomings, there is no need for extensive distinguishing of that lot. The Supreme Court decisions of *Booker* and *Kimbrough* are enough, and control. To the extent, however, that this Court were to consider other courts' views concerning the intersection between § 3582(c)(2) and *Booker-Kimbrough*, only one Circuit Court has addressed, and published, a formal opinion on the issue. *See Stokes*, 2008 WL 938919, at *4, n. 4 ("the Ninth Circuit is the only court of appeals to address the question so far"). The Ninth Circuit, in *United States v. Hicks*, as discussed and cited above, flatly held: "*Booker* makes clear that the Guidelines are no longer mandatory in *any* context - its effect is not restricted to the 'de novo resentencing' which the government seeks to distinguish. *Booker* was not a mere statutory

4

change which can be set aside to allow us to pretend it is 1993 for the purpose of modifying

Hicks' sentence." *Hicks*, 472 F.3d at 1173 (emphasis in original). Furthermore, the same court

concluded that "to the extent that the [crack amendment] policy statements are inconsistent with

*Booker* by requiring that the Guidelines be treated as mandatory, the policy statements must give

way." *Id.* And this Court should hold the same.

While *Hicks* is the only Court of Appeals decision directly on point, the Third, Fourth,

and Eleventh Circuits have all touched tangentially on a similar § 3582(c)(2)-*Booker* issue, but

only insofar as to decide if *Booker*, itself, could provide a court with jurisdiction, when §

3582(c)(2) was not otherwise triggered by a Guidelines amendment. The court in *Stokes*

addressed this crucial difference:

> The Court recognizes the rules announced in the Government's cited cases;
> however, the Court is of the opinion that these cases address an issue that is
> readily distinguishable from the facts of this case. Indeed, the Court agrees with
> the Government that, under Eleventh Circuit precedent, a court generally cannot
> assert jurisdiction to reduce a defendant's sentence under § 3582(c)(2) merely by
> virtue of the United States Supreme Court's announcement in *Booker* that the
> Guidelines are advisory. That is, *Booker* itself does not create jurisdiction.
> However, in this case, the issue is different. The Court has already found that §
> 3582(c)(2) is properly triggered by the Sentencing Commission's lowering of the
> guidelines range applicable in Defendant's case, without the aid of any *Booker*
> considerations. Thus, unlike in *Moreno* and *Riley,* the Court here is properly
> deriving its authority to grant a sentence reduction from the statute, not solely by
> virtue of the advisory nature of the Guidelines.

*Stokes*, 2008 WL 938919 at *4 (applying *Booker-Kimbrough* to § 3582(c)(2) crack cocaine

resentencing, and explicitly rendering Guidelines commentary as advisory). That distinction

between independent § 3582(c)(2) jurisdiction, and *Booker's* legitimate application, was

addressed by *Hicks* as well: "*Price,* [438 F.3d 1005, 1007 (10th Cir. 2006] and the other cases

cited by the government, address a wholly distinct issue: whether *Booker* itself provides the

requisite authority to reopen sentencing proceedings under § 3582(c) . . . . [t]his position

completely misapprehends appellant's argument." *See Hicks*, 472 F.3d at 1171. Those cases are inapposite to the instant matter.[2]

The government, here, concedes that the threshold requirements of § 3582(c)(2) are met. *See* Govt. Br. 5/9/08 at p. 1 (Colon "is eligible for a two level reduction in his Guidelines range under the recent Sentencing Guideline amendments."). And, in any event, Colon does not argue that *Booker-Kimbrough*, alone, may trigger § 3582(c)(2) jurisdiction. Rather, once § 3582(c)(2) jurisdiction is properly triggered through a Guidelines amendment, *Booker-Kimbrough* defines the scope and extent of that resentencing. And that is the posture of this case. Therefore, the Court has independent § 3582(c)(2) jurisdiction by virtue of the retroactive Guideline amendments, and *Booker-Kimbrough* defines the extent of their application. Thus, the Court has discretion to grant a non-Guidelines amended sentence.[3]

**B.    The 100:1 Remedy**

The government, rather than challenge the actual disparity between crack and powder cocaine offenses, urges this Court not to resentence Colon because his criminal history poses a

---

[2] At pages 19-20 of the government's brief, for example, it cites *United States v. Wise*, 2008 WL 361089 (3d Cir. Feb. 12, 2008), as persuasive authority for not applying *Booker* to § 3582(c)(2). That case only addressed the narrow issue of whether *Booker* itself could provide a court with § 3582(c)(2) jurisdiction prior to a Guidelines amendment taking effect. The government misapplies *Wise* to the instant matter, because jurisdiction is already present here.

[3] To the extent this Court finds *Booker-Kimbrough* inadequate, the Second Circuit has not yet had occasion for analysis of the *Booker-Kimbrough* nexus with § 3582(c)(2), though a small number of district courts in this Circuit have. *Compare e.g. Polanco*, 2008 WL 144825, at *2 ("The effectiveness of these limitations is yet to be tested; it would be, to say no more, ironic if the relief available to a defendant who received a sentence that is now recognized to have been unconstitutional because imposed under mandatory guidelines based on non-jury fact findings and unwise because the guideline under which he was sentenced was excessively severe, can be limited by a still-mandatory guideline"), *with United States v. Cruz*, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008) (declining the application of *Booker* to § 3582(c)(2) proceedings), *but see Simon v. United States*, 361 F. Supp. 2d 35, 37-41 (E.D.N.Y. 2005). And district courts outside this Circuit are similarly mixed. *Compare e.g. Forty Estremera*, 498 F. Supp. 2d at 471-472 (Guidelines advisory in § 3582(c)(2) proceedings); *Stokes*, 2008 WL 938919, at *4 (same), *Hicks*, 2008 WL 630067, at *1, *with United States v. Julien*, 2008 WL 33340, at *1-2 (D. Me. May 5, 2008) (Guidelines mandatory).

public safety risk. The government, in so doing, fails to acknowledge that this Court already considered Colon's criminal history when it fashioned the full extent of Colon's original crack cocaine sentence. That same criminal history, in other words, already contributed to Colon's lengthy sentence of 121 months. And simply put, the sole purpose of the crack cocaine amendments is to remedy the disparate 100:1 sentencing ratio, not criminal histories. Colon's criminal history has nothing to do with the 100:1 ratio. The government, by focusing on criminal history, then, not only sidesteps the rationale behind the 100:1 amendment remedy, but also seeks to doubly penalizes Colon.

The government advanced a similar "public safety" argument in *United States v. Ayala*, -- F. Supp. 2d --; 2008 WL 555525 at *2 (W.D. Va. Feb. 26, 2008) ("the government points to what it characterizes as the defendant's 'disturbing criminal history' and failure to accept responsibility . . . [t]he defendant has prior convictions for robbery in 1997 at aged 15, theft of a purse the same year, domestic assault, and resisting arrest."). Noting that criminal history has nothing to do with the crack amendments, that court commented that "[u]nquestionably, these were serious offenses and I took them into consideration when I originally sentenced the defendant . . . [yet] [t]he guidelines provide a mechanism for consideration of these prior convictions through calculation of a criminal history score . . . [and] [t]o do as the government suggests, would doubly penalize the defendant for his criminal history." *Id.* at *2. That court reduced that defendant's sentence. *Id.*

Colon's criminal history was already factored into his original crack cocaine sentence, through criminal history enhancements, at the time of his original crack cocaine sentencing. The Court should not countenance a double penalty, particularly where the purpose of the crack amendments is to remedy the 100:1 disparity between crack and cocaine powder sentences.

Colon's resentencing falls squarely within 100:1 remedy, as the 37 grams of crack for which was attributed to him significantly accounted for his original 121 month sentence.[4]

## III.    CONCLUSION

Based on the foregoing, Defendant respectfully petitions for resentencing on the basis that the Sentencing Commission has retroactively amended, and reduced by two-levels, the base offense level applicable to cocaine base crimes, as calculated in the Federal Sentencing Guidelines Manual.   Those amendments, all being applicable to Mr. Colon, are retroactively effective on March 3, 2008.   Defendant requests a non-guidelines range below 100 months, and, at the very least, a sentence at the bottom end of his amended range of 100-125 months, as fully articulated and calculated in Defendant's March 4, 2008 Memorandum of Law In Support Of Motion For Resentencing.

DEFENDANT,
SAMUEL COLON

By:

Joseph W. Martini (CT07225)
Wiggin and Dana LLP
P.O. Box 1832
New Haven, CT 06508-1832
Phone: (203) 498-4400
Fax: (203) 782-2889

---

[4] The government, in addition, makes reference to Colon's "blemished" prison record, but does not describe the actual taint.  Colon seems to have been the subject of one jailhouse disciplinary action for improper telephone use; it is counsel's understanding that this incident had something to do with three way calling.  Being subject to discipline, let alone telephone misuse, is not necessarily a barrier to resentencing under the crack amendments. *See e.g. United States v. Miller*, 2008 WL 782566, at *3-4 (E.D. Tenn. Mar. 21, 2008) (jailhouse misconduct did not prevent reduction in crack cocaine sentence); *see also Ayala*, 2008 WL 555525 at *2 (same).  Moreover, counsel will confirm the full extent of Colon's GED.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of DEFENDANT'S REPLY BRIEF IN SUPPORT OF HIS 18 U.S.C. § 3582(c) PETITION FOR RESENTENCING to be served on the following on May 13, 2008.

First class mail, postage prepaid:

Mark S. McGarry
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

by e-mail

Raymond Lopez, Sr. Probation Officer
U.S. Probation
915 Lafayette Blvd.
Bridgeport, CT 06604

Joseph W. Martini

\19675\1\710826.1